# United States District Court
# Central District of California

| | |
|---|---|
| SOUTH SEAS PICTURES LTD., a Limited New Zealand Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KEN'S ISLAND FOOD, entity unknown, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:18-cv-00887-ODW (AFMx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [28]** |

## I.　INTRODUCTION

Plaintiff South Seas Pictures LTD ("South Seas") brought suit against Defendants Ken's Island Food, El Rubios Jr. Market, Kumar's Island Market, Le Fala Island Market, Poasa Imports, and Polynesian Favorites ("Defendants") for copyright infringement and unfair business practices. (Compl., ECF No. 1.) Despite being served, Defendants did not respond to South Seas' Complaint. South Seas then requested, and the Clerk entered, default as to all Defendants. (ECF Nos. 21, 23, 26.) South Seas now moves for default judgment against Defendants. (ECF No. 28.) For the following reasons, the Court **GRANTS** South Seas' Motion, and awards South Seas $15,000 in

statutory damages, $1,500 in attorneys' fees, and enjoins Defendants from further violating South Seas' copyright.[1]

## II. BACKGROUND

### A. Factual Background

South Seas is a film company that specializes in films that involve the Samoan culture. (Compl. ¶ 13.) In 2017, it marketed and exhibited one of its films entitled, "MATAI THE CHIEF: PART 6" (hereinafter, "Protected Work"). (*Id.* ¶ 19.) The Protected Work is registered with the United States Copyright Office, Registration No. PA-2-066-286. (*Id.* ¶ 19.) South Seas contracts with Lagi Manu d/b/a Motu Tutasi Productions, as the exclusive North American distributor. (*Id.* ¶ 15.)

In summer 2017, South Seas discovered that "Defendants marketed and sold unauthorized counterfeit copies of the [Protected Work] for sale in their retail stores." (*Id.* ¶ 17.) South Seas, through its exclusive distributor, learned that Defendants were selling DVD copies of MATAI THE CHIEF: PART 6 at their retail stores. (Declaration of Lagi Manu ("Manu Decl.") ¶ 8.) Manu purchased some of these infringing DVDs at Defendants' stores. (*Id.* ¶¶ 9–12.)

South Seas' counsel sent cease and desist letters in July and September 2017, to which Defendants, at that point, did not respond. (*Id.* ¶¶ 20–23.) South Seas alleges that "Defendants knowingly, deliberately, intentionally and willfully copied and exploited the Protected Work in violation of 15 U.S.C. § 501." (*Id.* ¶ 24.)

## III. LEGAL STANDARD

### A. Default judgment

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk of the

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Court, a court may enter a default judgment pursuant to Rule 55(b). Fed. R. Civ. P. 55(b). However, "a defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002).

Before the Court can award a default judgment, the requesting party must satisfy the procedural requirements established under the Local Rules of this district and Rule 55 of the Federal Rules of Civil Procedure. *PepsiCo*, 238 F. Supp. 2d at 1174. Central District of California Local Rule 55-1 requires that the movant submit a declaration establishing: (1) when and against whom default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, an incompetent person, or exempt under the Servicemembers' Civil Relief Act; and (4) that the defaulting party was served with notice, if required by Fed. R. Civ. P. 55(b)(2). *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1006 (C.D. Cal. 2014); C.D. Cal. Local Rule 55-1.

After satisfying the procedural requirements, the decision to grant default judgment is determined by the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). When moving for default judgment, the well-pleaded factual allegations in the complaint are accepted as true, with the exception that allegations as to the amount of damages must be proved by the plaintiff. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). Along with the complaint, the Court looks "to affidavits and declarations to determine whether default judgment is appropriate." *Title Design Collection Inc. v. Ross Stores Inc.*, No. CV 13-8899 GAF (ASX), 2014 WL 12773909, at *2 (C.D. Cal. June 5, 2014) (citing William W. Schwarzer et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 6:91 (2010)).

In exercising discretion to award a default judgment, courts in the Ninth Circuit consider a number of factors (the "*Eitel* factors"), including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency

of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**B.     Copyright infringement**

To prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A plaintiff bringing suit under the Copyright Act "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work." 17 U.S.C. § 504(c)(1). This election is available to a plaintiff "regardless of the adequacy of the evidence offered as to . . . actual damages or the amount of the defendant's profits." *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1195 (9th Cir. 2001) (quoting Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 14.04[A]).

Statutory damages range from $750 to $30,000 per work infringed. 17 U.S.C. § 504(c)(2). A single statutory award is available for each copyrighted work that has been copied. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946–47 (9th Cir. 2001) (quoting 18 C.J.S. *Copyright* § 127 (2011)) ("Only a single award of statutory damages within the statutory limits may be made for all infringements involved in the action with respect to any one work . . . ."). If the copyright holder proves that the infringement was "willful," the Court may, in its discretion, increase statutory damages up to $150,000 per work. 17 U.S.C. § 504(c)(2). Conversely, if an infringer is innocent, the Court may decrease statutory damages to $200 per work. *Id.* An innocent infringer is one who "was not aware and had no reason to believe that his or her acts constituted an infringement of copyright." *Id.* The burden of proving

innocent infringement falls on the infringer. *See D.C. Comics, Inc. v. Mini Gift Shop*, 912 F.2d 29, 35 (2nd Cir. 1990).

"The court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). In making its determination, the Court is guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952)). "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within [the] statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *Woolworth Co.*, 344 U.S. at 233.

## IV. DISCUSSION

### A. Procedural Requirements

South Seas satisfies the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55-1. By declaration, South Seas' attorney identified the Complaint and established that the Clerk of the Court entered default against Defendants. (Declaration of Joshua Eichenstein ("Eichenstein Decl.") ¶¶ 12–16, ECF No. 28-2.) The Declaration further confirms that Defendants are not infants, incompetent persons, nor are they exempt under the Servicemembers' Civil Relief Act. (*Id.* ¶ 22.) Finally, South Seas provided the Court with notice that Defendants have not appeared in this action, and, as such, written notice of default judgment under Federal Rule of Civil Procedure 55(b)(2), as referenced by Local Rule 55-1(e), is not required. (*Id.*) Even so, South Seas served its Motion on Defendants via mail with the filing of its Motion. (*Id.* ¶ 23.)

///
///
///

**B.     *Eitel* Factors**

In determining if default judgment is appropriate, the Court considers in turn each of the seven factors articulated in *Eitel*, 782 F.2d at 1471–72. The Court finds that the *Eitel* factors weigh in favor of granting this Motion.

*1. Without default judgment, South Seas will suffer prejudice.*

The first *Eitel* factor considers the prejudice that would be suffered by the plaintiff, if default is not entered. *Eitel*, 782 F.2d at 1471. Denial of default leads to prejudice when it leaves a plaintiff without a remedy or recourse for recovery of compensation. *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010); *PepsiCo*, 238 F. Supp. 2d at 1177. "[P]ast misconduct and current failure to litigate [a] case indicate that [a defendant] is highly unlikely to correct past behavior or otherwise compensate [p]laintiffs without a default judgment by the Court." *Kerr Corp. v. Tri Dental, Inc.*, No. SACV 12–0891–DOC–CWx, 2013 WL 990532, at *3 (C.D. Cal. Mar. 11, 2013).

As discussed below, Defendants had sufficient time to appear in this suit, but have not done so. At this point, it appears that default judgment is the only way for South Seas to vindicate its rights. Indeed, Kumar's Island Market specifically said it would not appear and defend this action. (Eichenstein Decl. ¶¶ 19–21, Ex. 6.) On the whole, the first *Eitel* factor weighs in favor of granting default judgment.

*2. South Seas pleads sufficient and meritorious claims.*

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Universal Music-MGB NA LLC v. Quantum Music Works, Inc.*, No. CV 16–3397 FMO (AJWx), 2017 WL 2350936, at *3 (C.D. Cal. May 30, 2017). Together, the two factors "require that a plaintiff state a claim on which [it] may recover." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003). To state a claim for copyright infringement, South Seas must demonstrate (1) ownership of a valid copyright and

(2) copying of the protected elements of the work. *Feist Publ'ns*, 499 U.S. at 361; *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012).

South Seas has met the first requirement for copyright infringement by demonstrating ownership of a valid copyright in the Protected Work. A copyright registration certificate constitutes *prima facie* evidence of the validity of the copyright and the facts stated on the certificate, including the fact that the plaintiff owns a copyright. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003) (internal citations omitted); *see also Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997); 9th Circuit Model Jury Instruction 17.5. South Seas presents a Certificate of Registration from the United States Copyright Office demonstrating registration of the Protected Work, and the photographic elements therein. (Eichenstein Decl. Ex. 1, ECF No. 28-3.) Therefore, South Seas has made a *prima facie* showing of ownership. Since Defendants have not appeared to rebut this showing, the Court concludes that South Seas owns a valid copyright in the Protected Work.

South Seas has also met the second requirement for copyright infringement by demonstrating copying through circumstantial evidence that (1) the defendant had access to the copyrighted work prior to the creation of defendant's work and (2) there is substantial similarity between the copyrighted work and the defendant's work. *See Unicolors, Inc. v. Urban Outfitters*, 853 F.3d 980, 984–85 (9th Cir. 2017). First, South Seas alleges copying by asserting that Defendants had access to the Protected Work. (Compl. ¶¶ 29, 39.) South Seas also provided photographs of the infringing DVDs accompanied by receipts identifying the Defendants' respective retail stores. (Manu Decl. ¶¶ 10–11, 17–20, Exs. 2–4.) Thus, even though Defendants' exact method of copying is unclear, the substantial similarity of the infringing DVDs coupled with Defendants' access to the Protected Work is sufficient to demonstrate that Defendants copied the protected elements of the Protected Work. The Court therefore finds that the well-pleaded allegations in the Complaint state a claim for copyright infringement.

The Court notes, however, that many of the Complaint's allegations are conclusory assertions that lack a specific factual underpinning. (*See* Compl. ¶¶ 24, 36, 41.) In determining if a complaint states a claim upon which relief can be granted, the Court need not accept as true "conclusory allegations of law and unwarranted inferences." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). For example, South Seas alleges that Defendants "knowingly, deliberately, intentionally and willfully copied and exploited the Protected Work," but provided no specific facts showing willfulness. (Compl. ¶ 24.) In ruling on this Motion, the Court disregards such conclusory allegations and instead looks only to the well-pleaded factual allegations in the Complaint, along with affidavits and documentary evidence in the record. *See Title Design Collection*, 2014 WL 12773909, at *2. Considering only these sources, the Court cannot find that Defendants *willfully* infringed the Protected Work.

South Seas also asserts a claim under California's Unfair Competition Law ("UCL"). California's UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (quotations omitted). The "unlawful" prong is separate from the "unfair" and "fraudulent" prongs of the UCL, making unlawful conduct independently actionable even if it is not unfair or fraudulent. *Id.* Here, because the Court finds that South Seas sufficiently pleaded a claim under the Copyright Act, that violation of the law also serves as a basis for South Seas' UCL claim.

On the balance, the second and third *Eitel* factors support default judgment.

///
///
///
///

### 3. Gaps and inconsistencies in the record do not present the possibility of disputed material facts.

The next *Eitel* factor considers the possibility of disputed material facts. *PepsiCo*, 238 F. Supp. 2d at 1177. The general rule is that a defaulting party admits the facts alleged in the complaint to be taken as true. *Televideo*, 826 F.2d at 917–19. Thus, this *Eitel* factor often weighs strongly in favor of default judgment. Here, after taking the facts alleged in the Complaint as true, the Court finds no substantial gaps or inconsistencies in the record that indicate disputes of material facts.

South Seas clearly explains that Defendants lacked authorization to copy or distribute the Protected Work because Manu was the exclusive North American distributor of South Seas. (Manu Decl. Ex. 1, ECF No. 28-10 (distribution agreement)). Since Defendants did not have authorization to copy or distribute the Protected Work in any capacity, they do not have a right to copy the Protected Work. *Cf. Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984) ("[A]nyone who is authorized by the copyright owner to use the copyrighted work in a way specified in the statute . . . is not an infringer of the copyright with respect to such use.").

In sum, the record does not contain substantial inconsistencies, which would preclude default judgment. Since South Seas addresses the key factual inquiries necessary to find that Defendants infringed its copyright, this *Eitel* factor weighs in favor of granting default judgment.

### 4. The sum of money awarded to South Seas weighs in favor of default judgment.

The fourth *Eitel* factor balances the sum of money at stake with the "seriousness of the action." *Lehman Bros. Holdings Inc. v. Bayporte Enters., Inc.*, No. C 11–0961–CW (MEJ), 2011 WL 6141079, at *7 (N.D. Cal. Oct. 7, 2011). The amount at stake must not be disproportionate to the harm alleged. *Id.* Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a

defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06–03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Although South Seas asks for $750,000 in statutory damages, the Court awards it $15,000, for the reasons discussed below. Therefore, this factor presents no barrier to default judgment in this case.

### 5. *The remaining* Eitel *factors support default judgment.*

South Seas served Defendants with notice of this suit, and Defendants' failure to defend can no longer be described as excusable neglect. (*See* ECF Nos. 10–14, 16–17.) Moreover, one of the defendants specifically declined to defend this suit, despite South Seas telling it of the consequences. (Eichenstein Decl. ¶¶ 19–21, Ex. 6.) Finally, although the Federal Rules of Civil Procedure favor decisions on the merits, when a defendant has failed to appear, "a decision on the merits [is] impractical, if not impossible," and default judgment is warranted. *PepsiCo*, 238 F. Supp. 2d at 1177.

For these reasons, the Court finds that the *Eitel* factors favor granting a default judgment against Defendants.

## C. Remedies

South Seas requests statutory damages, an injunction, and attorneys' fees. (Mot. 16–21.) The Court addresses each request in turn.

### 1. Statutory damages.

Because Defendants have not appeared or shown that their infringement was innocent, the Court can award no less than $750 in statutory damages, per violation. *See* 17 U.S.C. § 504(c)(1). Conversely, the Court may grant statutory damages up to $150,000 per violation, if the Court finds that Defendants are willful infringers. *See id.* As discussed above, the Court finds that South Seas' allegations of willful infringement are conclusory, and not supported by facts warranting a statutory award of $150,000. Instead, the Court considers the purposes of statutory damages, as applied to the facts of this case. *See Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *Woolworth*, 344 U.S. at 232) ("In measuring the damages, the court is

to be guided by 'what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like. . . .'").

While statutory damages do not necessarily have to be tied to lost profits related to infringement, the Court enjoys wide latitude in fashioning an appropriate remedy within the parameters of the statute. *See Harris*, 734 F.2d at 1335. Here, the distribution agreement provides some insight into what South Seas anticipated making on its movies. The agreement provides:

| UNITS | COST/UNITS | SALES TARGET | COST'S | DISTRIBUTOR Commission | AMOUT DUE to Supplier |
|---|---|---|---|---|---|
| 500 | $20.00 | $10,000.00 | $525.00 | $ 3795.00 | $ 5680.00 |
| 600 | $20.00 | $12,000.00 | $630.00 | $ 4548.00 | $ 6822.00 |
| 700 | $20.00 | $14,000.00 | $735.00 | $ 5360.00 | $ 7959.00 |
| 800 | $20.00 | $16,000.00 | $840.00 | $ 6064.00 | $ 9096.00 |
| 900 | $20.00 | $18,000.00 | $945.00 | $ 6822.00 | $10,233.00 |
| 1000 | $20.00 | $20,000.00 | $1050.00 | $18,950.00 | $11,730.00 |

(Manu Decl. Ex. 1, ECF No. 28-10.) The modest costs associated with the production of 500 units of the film ($525) and anticipated sales targets, lead the Court to believe an award of the statutory maximum of $30,000 per violation, without a willfulness finding, would be excessive. Instead, a statutory award of $3,000 per violation per Defendant, will serve the purposes of statutory damages—to compensate South Seas, and punish Defendants. *See Harris*, 734 F.2d at 1335. Furthermore, South Seas' interests will be protected by the injunction it seeks, which the Court addresses below.

2. *Injunctive relief.*

"As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Computer*, 991 F.2d 511, 520 (9th Cir.1993). To be entitled to an injunction, a plaintiff must demonstrate that: 1) it has suffered an irreparable injury; 2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; 3) the equities tip in the plaintiff's favor; and 4) the injunction serves the public interest. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**Irreparable Harm:** South Seas suffered irreparable harm because Defendants copied, displayed, and sold the Protected Work in their retail stores. Defendants' actions affect South Seas' reputation, as well as its marketing and distribution plans. As owner of the Protected Work, South Seas has the right to choose how, when, and where it is displayed; Defendants violated that right. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1218 (C.D. Cal. 2007).

**Inadequate Remedy at Law:** Although South Seas is entitled to damages, only an injunction will adequately prevent future violations of its copyright. *See Apple, Inc. v. Pystar Corp.*, 673 F. Supp. 2d 943, 949–50 (N.D. Cal. 2009).

**Balance of Equities & Public Interest:** South Seas tried to resolve its dispute with Defendants first by reaching out via letter, and second by filing this lawsuit. Defendants have not responded, nor otherwise established any defense. Defendants have no legitimate interest in continuing to violate South Seas' copyright by using the Protected Work. *See Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 830 (9th Cir. 1997) (quoting *Triad Sys. Corp. v. Southeastern Exp. Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995), *superseded by statute on other grounds as recognized in Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1158 (9th Cir. 2011)) ("Where the only hardship that the defendant will suffer is lost profits from an activity which has been shown likely to be infringing, such an argument in defense merits little equitable consideration…."). For these reasons, the public interest is served by entering an injunction, and the equities tip in South Seas' favor. Accordingly, the Court **GRANTS** South Seas' request for an injunction and enjoins Defendants from further violating South Seas' copyright.

*3. Attorneys' fees.*

South Seas asks the Court to award $18,600 in attorneys' fees associated with this Motion. (Mot. 21.) The Central District Local Rules provide a schedule for attorneys' fees awarded in default judgments. L.R. 55–3. Yet, the Court is free to render a judgment for a fee that it deems reasonable. *Id.*; *see also Kirtsaeng v. John Wiley & Sons, Inc*., 136 S.Ct. 1979, 1985 (2016) (holding that, in copyright action, the

court must exercise its discretion to award attorneys' fees by weighing factors such as "frivolousness, motivation, objective unreasonableness and the need in particular circumstances to advance considerations of compensation and deterrence."). South Seas calculated its requested attorneys' fees assuming a statutory damage award of $750,000, and therefore the Court must adjust the award to align with the statutory damages of $15,000.

The Central District Local Rules schedule provides that for a default judgment award of $10,000, the plaintiff is entitled to $1,200 plus 6% of the amount over $10,000 of the awarded sum. In light of the above discussion, the Court awards $1,500 in attorneys' fees ($1,200 + ($5,000 * 6%)).

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment and awards $15,000 in statutory damages, $1,500 in attorneys' fees, and enjoins Defendants from further violating South Seas' copyright. The Court will issue a judgment.

**IT IS SO ORDERED.**

August 6, 2018

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**